**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ERIC A. WILLIAMS,                                                                                               PLAINTIFF
ADC #111620

v.                                                       2:07-cv-00110-JTK

MOSES JACKSON, et al.                                                                                    DEFENDANTS

**ORDER**

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Expert Witness, Mr. James Rhiner (Doc. No. 112). Plaintiff filed a Response to the Motion (Doc. No. 118).

Prior to ruling on the Motion, this Court conducted a pre-trial hearing on March 11, 2011, at which time counsel for the parties presented arguments in support of their respective positions, together with the testimony of the proposed expert witness, Mr. James Rhiner.

Plaintiff seeks to present Mr. Rhiner's testimony on the danger of ultraviolet lighting, as it relates to his claims of excessive force and unconstitutional conditions of confinement. Mr. Rhiner testified about his education and experience to support his qualifications as a lighting expert and about his conclusions regarding exposure to ultraviolet light for more than eight hours.

Defendants object to his proposed testimony based on FED.R.EVID. 702, which requires that an expert testify to scientific knowledge which will assist the trier of fact to understand or determine a fact in issue. See also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-3 (1993). Pursuant to Rule 702, Defendants argue the testimony should be based on sufficient facts or data, be the product of reliable principles and methods, and that the witness apply the principles and methods reliably to the facts of the case, citing Barrett v. Rhodia, Inc. 606 F.3d 975, 980 (8th Cir. 2010).

However, Defendants state Mr. Rhiner can not testify as to the cause of any injury to the Plaintiff, because he is not a medical expert, did not examine the Plaintiff, did not receive any medical records or reports concerning any injuries suffered by the Plaintiff, did not personally view the location of the incident and is not familiar with any of the specific facts surrounding the incident at issue, other than that Plaintiff claims to have been exposed to an uncovered ultraviolet light for over fourteen hours.

In response, Plaintiff argues Mr. Rhiner's testimony – that ultraviolet light is dangerous and that anyone subjected to exposure of an uncovered light in excess of eight hours, under any conditions, suffers a risk of some type of harm – is relevant to the issue of excessive force. Plaintiff states force is unconstitutional if one is subjected to an excessive risk of harm and if Defendants are deliberately indifferent to that risk. Plaintiff avers that Mr. Rhiner's testimony could assist the jury in knowledge of the risk levels involved with exposure to ultraviolet light for more than eight hours as relevant to showing the risk of harm, together with an awareness of the danger by the Defendants.

Having reviewed the parties' arguments, Dr. Rhiner's proposed testimony and the documents supporting his qualifications and conclusions, the Court finds Defendants' Motion should be granted in part. Specifically, the Court will permit Dr. Rhiner to testify about the dangers of ultraviolet light exposure over certain periods of time, and about his experiences with training individuals concerning the use and maintenance of the lights. He also will be permitted to render an opinion if given a hypothetical situation. However, he will not be permitted to testify concerning the specific facts surrounding this case, since he has no knowledge of the conditions under which the Plaintiff was exposed and no knowledge of injuries suffered by the Plaintiff. He cannot render an opinion concerning causation or injury to the Plaintiff.

Plaintiff's counsel also requested at the hearing that he be permitted to introduce designated portions of the Defendants' depositions at trial as testimony during his case in chief, pursuant to FED.R.CIV.P. 32(a)(3). Defendants object, stating they will be available to testify at the trial.

Rule 32(a)(3) provides as follows: "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." However, "district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless error." Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 434 (5th Cir. 2006).

Having considered the Rule, the applicable citations and the parties' arguments, the Court finds that Plaintiff's request should be denied, in the interest of judicial efficiency. Defendants will be available to testify at trial. Plaintiff is permitted to call Defendants as witnesses in his case in chief, and to use portions of the depositions for impeachment purposes, if necessary. Accordingly,

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion to Strike Plaintiff's Expert (Doc. No. 112) is GRANTED IN PART, with respect to testimony about the specific facts surrounding this case, and any opinion concerning causation or injury to the Plaintiff.

2. Defendants' Motion to Strike Plaintiff's Expert (Doc. No. 112) is DENIED IN PART, with respect to testimony about the dangers of ultraviolet light exposure over certain periods of time, and about his experiences with training individuals concerning the use and maintenance of the lights. He also will be permitted to render an opinion concerning a hypothetical situation.

3. Plaintiff's Request to designate portions of Defendants' depositions to be introduced as testimony in his case in chief is DENIED.

The parties are directed to meet in my chambers, Room C459, at 8:45 a.m., March 22, 2011, for final preparations prior to trial.

IT IS SO ORDERED this 14th day of March, 2011.

                                                JEROME T. KEARNEY  
                                                UNITED STATES MAGISTRATE JUDGE